## Case No. 15,726a.

UNITED STATES ex rel. HERBERT v. MARSHAL OF THE DISTRICT OF COLUMBIA.

[2 Hayw. & H. 205.] [1]

Criminal Court, District of Columbia. May 12, 1856.

BAIL—WHEN ALLOWED—HABEAS CORPUS.

On testimony given in court on the return of a writ of habeas corpus, if it is clear to the mind of the judge that a conviction for murder should not take place, he will order the prisoner to give bail for his appearance.

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

## Case No. 15,726b.

UNITED STATES ex rel. KIEHLER v. MARSHAL OF THE DISTRICT OF COLUMBIA.

[2 Hayw. & H. 392.] [1]

Circuit Court, District of Columbia. Oct., 1861.

ILLEGAL SALE OF LIQUORS—HABEAS CORPUS.

*Held*: Upon a writ of habeas corpus hearing, that the act of congress approved August 5,

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

1861 [12 Stat. 291], as to the offence of selling intoxicating liquors, conferred the power only upon justices of the peace to examine into the charge made and discharge the accused or held him to bail

At law. Mrs. [Honora] Kiehler was arrested for violation of the act of congress of August 5, 1861, forbidding the sale of intoxicating liquors to soldiers.

Mr. Morgan contended that the act of congress gave the judge of the criminal court exclusive jurisdiction of the trial; that the magistrate's jurisdiction alone extended to the right to hold the accused parties to bail to appear at the criminal court, or to commit them to jail to appear before the court. That the act in declaring the offence to be a misdemeanor, thereby made it a criminal offence, for which the party must be indicted and tried as in any other criminal case. The magistrates have no criminal jurisdiction, and the court presided over by Judge Crawford, is the only court which in these cases has jurisdiction. The offence thus being declared by act of congress a crime, must be tried by jury according to the 6th article of the amendment to the constitution of the United States. That under this construction of the act all fines imposed on parties after conviction, in the criminal court, go into the treasury of the United States.

Mr. Morgan, for petitioner.
Mr. Ould, for marshal.

Before DUNLOP, Chief Judge, and MORSELL and MERRICK, Circuit Judges.

MERRICK, Circuit Judge, sustained the position taken by the counsel, Mr. Morgan, and decided that the magistrate in these cases had precisely the same power, and no more, than they had in any other criminal charge, to wit, the power to examine into the charge, and to release the party charged, or, in his discretion, to hold the party to bail to appear at the criminal court, or, in default of bail, to commit the party to jail for trial at the criminal court. The judge ordered the marshal to take the petitioner before the magistrate by whom she was committed, to be then discharged by him, or to give bail for her appearance at the criminal court, should the magistrate, on a further examination, think the case required it.